UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTANCIO OROZCO,

    Petitioner,

vs.

JAMES A. YATES, Warden,

    Respondent.
                                  /

No. C 07-1174 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has written a letter that will be treated as an opposition, and respondent has replied. For the reasons discussed below, the motion will be granted.

## DISCUSSION

Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is

United States District Court
For the Northern District of California

pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

Petitioner pled guilty pursuant to a plea bargain and on December 10, 2004, was sentenced to twenty-two years in prison.  He did not appeal.  Under California law the time to appeal expired on February 8, 2005, so his federal habeas petition was due on or before February 8, 2006.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting what is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).  It was not, however, filed until February 21, 2007, long after expiration of the statute of limitations.  This petition therefore was untimely, absent tolling.

Petitioner's first state habeas petition was not filed until April 19, 2006, after expiration of the limitations period, so statutory tolling does not apply.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Petitioner contends, however, that he is entitled to equitable tolling.

Petitioner's arguments for equitable tolling are contained in a letter to the court that he asks be treated as his opposition.  It is not signed under penalty of perjury, so the factual assertions contained in it are not evidence.  That in itself is sufficient reason to reject the equitable tolling claim, but in addition, on his own calculations he had at least two months before expiration of the limitations period to get a state petition on file, and had assistance from other prisoners.

Petitioner's assertions do not establish that  "'extraordinary circumstances' beyond a prisoner's control ma[de] it impossible to file a petition on time."  *See Beeler*, 128 F.3d 1283, 1288-89 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1997)).   In *Beeler* the Ninth Circuit Court of Appeals noted that equitable tolling "will not be available in most cases" and expressed its confidence that the district courts would "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted."  *See id.*  Unfortunately, the

2

regrettable circumstances petitioner alleges are far from "extraordinary."  The motion to dismiss will be granted.

## CONCLUSION

Respondent's motion to dismiss (document number 11 on the docket) is **GRANTED**.  The petition is **DISMISSED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\OROZCO1174.DSM.wpd